UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA GLENN,

Plaintiff,

v.

ERIC CHRISTOPHER
WILLIAMS,

Defendant.

Case No. 26-cv-11005
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS TO EXTEND THE SUMMONS
AND FOR ALTERNATE SERVICE
(ECF NOS. 7, 8)**

Plaintiff Dana Glenn, proceeding pro se, sues Defendant Eric Christopher Williams for defamation.  ECF No. 6.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 4.  Glenn moves to extend the summons and for leave to make alternate service on Williams, claiming that he is evading service.  ECF No. 7; ECF No. 8.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint.  If the plaintiff does not do so, the Court must dismiss the action without prejudice as to the

unserved defendant "or order that service be made within a specified time." Rule 4(m).  But if the plaintiff shows good cause for the failure, the Court must extend the time for service.  *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003) ("[E]ven in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

Glenn filed her complaint on March 26, 2026, and the deadline to serve Williams lapses on June 24.  Glenn contends there is good cause for the delay because Williams has been evading service.  She hired four process servers to personally serve Williams, but their attempts at service were unsuccessful.  ECF No. 8, PageID.72-73, 75-79, 86-87.  She also mailed copies of the summons and complaint to Williams's home and work addresses.  *Id.*, PageID.64, 80-83.

Because Glenn is actively attempting to serve Williams, she has shown good cause warranting more time to complete service.  The Court **GRANTS** her motion to extend the summons and **ORDERS** that service must be completed **by August 24, 2026**.  Glenn must serve Williams with the summons, amended complaint, and a copy of this order.

The Court turns to Glenn's motion for alternate service.  The Federal Rules of Civil Procedure allow that an individual may be served by:

2

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Because Rule 4(e)(1) allows for service under the law of the state where the district court is located or where service is made, the Court must also consult service rules for Michigan.  *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *7 (E.D. Mich. Sept. 24, 2019).

Under Michigan law, service on an individual may be accomplished by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).  If a plaintiff shows that "service of process cannot reasonably be made," courts may authorize service in another manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).

Process server Katreena Yates tried to serve Williams at his work address on June 16, 17, and 18, at different times of day.  ECF No. 8, PageID.72.  Those efforts were unsuccessful because the building was secured, and she received no answer when she rang the doorbell.  *Id.* Bethany Dockery tried to serve Williams at his home address on the evenings of June 17 and 19 and on the morning of June 20.  *Id.*, PageID.75-76.  Twice there was no answer at the door.  *Id.*  But on June 19, someone answered via the doorbell camera and stated that Williams resided there but was unavailable because he was in France and would return on June 27.  *Id.*

Daniel Alton tried to serve Williams at his home address on June 18 and 20, but there was no answer at the door.  *Id.*, PageID.77-78.  Robbieal Terry-Brown tried to serve Williams at his work address on June 19, 22, and 23.  *Id.*, PageID.86-87.  The office was closed on June 19.  *Id.*  On June 22, a receptionist informed Brown that Williams worked there but was unavailable and that employees sometimes work remotely.  *Id.*  On June

23, a receptionist informed Brown that Williams would not be available until July 29. *Id.*

These facts do not show an inability to serve Williams despite reasonable efforts. Although Glenn had 90 days to serve Williams, she waited to hire process servers until two weeks before the service deadline lapsed. *See id.*, PageID.28 (noting that Glenn hired Yates on June 10, 2026). All service attempts were made in the eight days between June 16 and June 23, when Williams was reportedly on vacation abroad.

These facts leave the Court to guess whether Williams was evading service or was simply on vacation. *See Huntington Nat'l Bank v. JV SBAM SA LLC*, No. 1:24-cv-305, 2024 WL 3299729, at *1 (W.D. Mich. May 23, 2024); *Local Union No. 333 Trustees of the Plumbers & Pipefitters Supplemental Unemployment Benefit Plan v. Lafay*, No. 1:23-cv-571, 2023 WL 5232636, at *2 (W.D. Mich. July 18, 2023). Although Brown stated that Williams would not be available until July 29, the Court questions whether this was a mistake. If Williams returns from his trip on Saturday, June 27, his next day at work would likely be Monday, *June 29*. If Glenn attempts to serve Williams after June 29 without success, alternate service may be appropriate.

Glenn's motion for alternate service is thus **DENIED WITHOUT PREJUDICE**.

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: June 25, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 25, 2026.

> s/Caitlin Shrum
> CAITLIN SHRUM
> Case Manager